440 So.2d 1287 (1983)
THE FLORIDA BAR, Complainant,
v.
Edward A. NAGEL, Respondent.
No. 63260.
Supreme Court of Florida.
November 10, 1983.
John F. Harkness, Jr., Executive Director, Stanley A. Spring, Staff Counsel, Tallahassee, and John B. Root, Jr., Bar Counsel, Orlando, for complainant.
James W. Hart, Orlando, for respondent.
PER CURIAM.
The Florida Bar filed a seventeen-count complaint against respondent, Edward A. Nagel, a member of The Florida Bar. Although these charges indicate various acts of misconduct, the most serious and repetitive is that Nagel converted funds of his clients for his own personal use. Nagel has pled nolo contendere. He has separately pled guilty to criminal charges flowing from these transactions. The referee has recommended that we find him guilty of each of the charges made. We do so.
Nagel acknowledges that his conduct dictates disbarment. As punishment, the referee recommends as follows:
I recommend that the Respondent be disbarred from the practice of law in Florida. I further recommend that Respondent not be eligible for readmission to The Florida Bar for ten (10) years, and then only if full restitution is paid, less any fees earned to all parties who have filed complaints with The Florida Bar, and in addition, repayment in full is made to The Florida Bar for all costs, and any monies expended by the Client's Security Fund as a result of these proceedings.
Nagel concedes that, under the circumstances, this is appropriate. To his credit he writes:
To the extent that I can, I wish to offer my most sincere apologies to the Florida Bar, the public at large and my clients individually for my personal failure to safeguard their trust in me.
Let every lawyer be ever alert not to succumb to the temptation that respondent did.
The referee's report is adopted. Edward A. Nagel is hereby disbarred from the practice of law. No petition for readmission will be entertained for ten years and then only if the conditions above referred to are met along with all other provisions for readmission of lawyers who have been disbarred. Costs in the amount of $7,822.72 are taxed against Nagel.
It is so ordered.
*1288 ADKINS, Acting C.J., and McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
BOYD, Justice, concurring in part and dissenting in part.
I concur in the order of disbarment, in the assessment of costs, and in the conditions, including restitution, imposed as prerequisites to the filing of an application for readmission to membership in The Florida Bar. I dissent, however, to the further condition that prevents respondent from applying for readmission for a period of ten years.
The Florida Bar Integration Rule, article XI, Rule 11.10(5), provides:

Disbarment. A judgment of disbarment terminates the respondent's status as a member of the Bar. A former member who has been disbarred may be admitted again upon full compliance with the rules and regulations governing admission to the Bar. Except as might be otherwise provided in these rules, no application for admission may be tendered within three years after the date of disbarment or such longer period as the Court might determine in the disbarment order.
Thus respondent, in order to be readmitted, will have to establish his moral character and fitness and professional competence just as would a first-time applicant for admission to the Bar.
I do not believe we should forbid a disbarred lawyer to seek readmission for any period of time longer than the three-year minimum term provided for by the rule.
Ordinary mortal humans cannot foretell the course of future events. Justices sitting on this Court at the time a previously disbarred lawyer applies for readmission (and the bar examiners who receive and consider the application) are in a better position to decide whether the candidate is a fit person for readmission to the practice of law than are the justices who order the lawyer's disbarment. Accordingly, we who pass judgment on respondent today should not impose a condition that in effect precludes for ten years a future judgment that respondent is fit for readmission. We should only pass upon matters as they come to us from day to day and should not try to preclude other decisions for years in advance.
In the attorney-discipline context disbarment is in a sense the ultimate punishment; the imposition of a limitation on the right to ask for readmission beyond the minimum three-year period appears to arise from a desire to make the punishment more severe and therefore somehow better suited to the gravity of the lawyer's infractions. It should be kept in mind, however, that a disbarred lawyer has the burden of proving his professional competence and suitability of character before being readmitted. The primary purpose of attorney discipline is not punishment but protection of the public. Therefore we should not attempt to go beyond the ultimate discipline of disbarment in an effort to inflict a greater sanction for professional misconduct.
I would disbar respondent and require restitution and payment of costs, in addition to other factors concerning moral fitness and professional competence, as conditions precedent to readmission.