PER CURIAM.
This disciplinary proceeding by The Florida Bar against John T. Bond, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.-06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
AS TO COUNT I
1. The Respondent, John T. Bond, is and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. On or about December 27, 1979, Gold Coast, Inc. entered into a sales agreement with Identity, Inc. to sell a Public Service Commission license that Gold Coast, Inc. owned. At the time of said sales agreement, Respondent was the attorney for Identity, Inc.
3. Pursuant to the sales agreement, Identity, Inc. deposited the sum- of Fifteen Thousand Dollars ($15,000) with Respondent as escrow agent.
4. Subsequently, Gold Coast, Inc. instituted a lawsuit against Identity, Inc. and Respondent over the sales agreement.
5. During the course of the litigation, on May 29, 1981, The Honorable Eugene S. Garrett of the Seventeenth Judicial Circuit ordered Respondent to pay the Fifteen Thousand Dollars ($15,000) held in escrow to Fred J. Ward, P.A. Trust account.
6. Fred J. Ward represented Identity, Inc. in said litigation.
*376 7. In the above order, The Honorable Eugene J. Garrett also ordered Respondent to appear for the taking of his deposition.
8. Fred J. Ward was unable to locate Respondent.
9. Respondent failed to pay the Fifteen Thousand Dollars ($15,000) to Fred J. Ward.
10. On or about October 23, 1981, a settlement was reached in the above litigation and the case was dismissed with, prejudice.
11. As part of the settlement agreement, Identity, Inc. assigned all of its rights, title and interest in the Fifteen Thousand Dollars ($15,000) held by Respondent to Gold Coast, Inc.
12. After the settlement agreement was signed, both Fred J. Ward and Harry M. Rosen, attorney for Gold Coast, Inc., attempted to locate Respondent but were unable to do so.
13. Respondent failed to pay the Fifteen Thousand Dollars ($15,000) to Gold Coast, Inc., pursuant to the settlement agreement.
AS TO COUNT II
14. On or about March 7,1980, Trans-Florida Express, Inc. entered into a sales agreement to sell a Certificate of Public Convenience and Necessity to Salvatore Esposito d/b/a Esposito Trucking.
15. Pursuant to said agreement, the sum of Ten Thousand Dollars ($10,000) was paid by Esposito Trucking to Respondent to be held in escrow.
16. At the time of said agreement, Respondent was the attorney for Anthony Giella, owner of Esposito Trucking.
17. On or about November 12, 1980, Trans-Florida Express, Inc. signed a General Release releasing Salvatore Esposito and Esposito Trucking from all liability for the March 7, 1980 sales agreement and authorizing Respondent to release the Ten Thousand Dollars ($10,000) from escrow.
18. Anthony Giella made numerous attempts, through telephone calls and personal conversations, to get back the Ten Thousand Dollars ($10,000) from Respondent.
19. Respondent eventually gave a check, made out in the amount of Ten Thousand Dollars ($10,000) and dated December 9, 1980, to Anthony Giella.
20. When the check was deposited, the bank returned it marked “account closed.”
21. Respondent promised Anthony Giella that he would make the check good, but he failed to do so.
22. On January 4, 1981, during proceedings for his divorce, Respondent testified that he was “short” in his trust account.
23. Respondent stated that he commingled Ten Thousand Dollars ($10,000) from the trust account with clients’ money and other funds that belonged to Respondent.
24. Respondent failed to account for and/or return the Ten Thousand Dollars ($10,000) to Esposito Trucking.
The referee recommends that respondent be found guilty of misconduct justifying disciplinary measures and recommends that respondent be disbarred from the practice of law in the State of Florida.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, John T. Bond, is hereby disbarred from the practice of law in the State of Florida effective immediately.
Costs in the amount of $868.40 are hereby taxed against respondent.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.