529 So.2d 1112 (1988)
THE FLORIDA BAR, Complainant,
v.
Robert N. BUSSEY, Respondent.
No. 64215.
Supreme Court of Florida.
August 18, 1988.
*1113 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Steve Rushing, Asst. Staff Counsel, and Bonnie L. Mahon, Bar Counsel, Tampa, for complainant.
John L. Riley of Riley & Henry, St. Petersburg, for respondent.
PER CURIAM.
The Florida Bar petitions this Court to review the referee's report in the instant disciplinary proceeding. We have jurisdiction, article V, section 15, Florida Constitution, and we approve the referee's recommendations as to guilt but disapprove those recommendations as to the appropriate discipline.
Robert Bussey has been found to have misappropriated for his own use $2,385,395.12 from a bank for which he acted as a fiduciary. Summary judgment was entered against him and others by the United States District Court for the Middle District of Florida and that judgment was affirmed by the Eleventh Circuit Court of Appeals, Garner v. Pearson, 732 F.2d 850 (11th Cir.1984). The court in that case held the respondent, along with several other associates, engaged in a complicated transaction through a bank they had established. We do not find it is necessary to discuss the details of the transaction, but agree with the federal district court that the transaction was "a sham." The liquidator of the bank sued respondent for conversion of bank funds for personal use and violation of federal securities laws and regulations.
The referee in this disciplinary proceeding adopted as his findings of fact the district court order granting partial summary judgment in favor of the plaintiffs in that case and the eleventh circuit opinion affirming that order. The referee recommended that the respondent be found guilty of violating disciplinary rule 1-102(A)(1) [violation of a disciplinary rule]; disciplinary rule 1-102(A)(4) [conduct involving dishonesty, fraud, deceit or misrepresentation]; disciplinary rule 1-102(A)(6) [conduct reflecting adversely on his fitness to practice law]; and Integration Rule 11.02(3) [commission of any act contrary to honesty, justice or good morals], as those rules existed in 1983 when the complaint was originally filed. Having found the respondent committed the acts for which he was charged, the referee recommended that he be suspended from the practice of law for two years.
We concur with the judgment of The Florida Bar Board of Governors that this sanction is insufficient discipline for this conduct and does not deter similar misconduct by other attorneys. The Bar analogizes this situation to the one in which an attorney misappropriates his or her *1114 client's funds. We agree. An attorney who maintains a working relationship with a client and misappropriates the client's funds is guilty of a serious offense. The Florida Bar v. Breed, 378 So.2d 783 (Fla. 1979). Similarly, the respondent, acting as a fiduciary to the bank, by supervising the use of the bank's stock resources, converted in excess of two million dollars of that money for his own use. The relationship between the respondent and the bank was similar to that of attorney and client. An attorney is held to a high standard of trust. Like the attorney who misappropriates a client's funds, the respondent in this case has abused his position of trust through his misconduct. It is not uncommon for this Court to disbar an attorney for misappropriating client trust funds. The Florida Bar v. Bond, 460 So.2d 375 (Fla. 1984), The Florida Bar v. Nagel, 440 So.2d 1287 (Fla. 1983). We believe disbarment is the appropriate sanction in this case.[1]
It is precisely this sort of conduct that tarnishes the reputation of attorneys in Florida. The respondent and his associates, by taking advantage of their positions of trust, have engaged in the type of conduct which damages the reputations of attorneys throughout the state. It is of no consequence that the respondent's conduct was not directly related to the practice of law. His conduct nevertheless reflects adversely on the practice of law and does irreparable harm to the public image of attorneys in this state. Indeed the public has been most vocal about the need for protection from dishonest lawyers. It is therefore without hesitation that we provide that protection.
Accordingly, we disbar Robert N. Bussey from the practice of law in Florida as of the date this opinion is filed.[2] Judgment for costs of $716.15 is entered against Robert N. Bussey, for which sum let execution issue.
IT IS SO ORDERED.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
GRIMES, J., did not participate in this case.
NOTES
[1] We note that the respondent has been put on notice that The Florida Bar is seeking disbarment in this case. Notwithstanding this notice, the respondent has declined to file any brief in this matter but rather has elected to rely solely on the record to support the referee's recommendation.
[2] We note that the respondent has been suspended from the practice of law since 1984 for nonpayment of dues. Because that matter is entirely separate from this proceeding, the respondent's disbarment period is to begin with the date of this opinion, not from the date of the suspension.